**In re Lloyd Randall KIRKPATRICK, SS # 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, a/k/a Lloyd R. Kirkpatrick and L. Randy Kirkpatrick, and Kathryn Carol Kirkpatrick, SS # 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, a/k/a K.C. Kirkpatrick, Debtors.**

**Bankruptcy No. 82-00207 M R.**

United States Bankruptcy Court, D. New Mexico.

Nov. 22, 1982.

Walter L. Reardon, Jr., Albuquerque, N.M., for movant.

Nancy S. Cusack, Roswell, N.M., for debtors.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on the Motion to Allow Additional Time to File Complaint Objecting to Dischargeability of Debt filed May 28, 1982, by Robert Lewis. This bankruptcy proceeding was filed in this Court on March 4, 1982. A meeting of creditors pursuant to 11 U.S.C. § 341(a) was held on April 15, 1982. The date fixed as the last day for filing of a complaint to determine the dischargeability of any debt pursuant to 11 U.S.C. § 523(c) was fixed as May 17, 1982. Those dates were set forth in a notice entitled "Order for Meeting of Creditors and Fixing Times for Filing Objections to Discharge and for Filing Complaints to Determine Dischargeability of Certain Debts, Combined with Notice Thereof and of Automatic Stay," which was mailed by the Bankruptcy Court Clerk's office on March 30, 1982.

The movant, Robert Lewis, is the managing partner of a partnership composed of Robert Lewis, George Bunn, and William Benisch. This partnership had instigated a third-party complaint against the debtors in the Circuit Court of Crawford County, Wisconsin. The partnership was represented in that action by Jerry Ott, Esq. According to the affidavit of Jerry Ott, he was informed at a pretrial conference in the Wisconsin state court proceeding on March 10, 1982, by the attorney for the debtors that a bankruptcy petition had been filed.

Notice to the partnership was sent to Mr. Ott as its attorney. Thereafter, on May 28, 1982, some eleven days after the date fixed as the last date for the filing of a complaint to determine the dischargeability of a debt, the above motion was filed. It should further be noted that the grounds upon which movant seeks to file a complaint objecting to the dischargeability of a debt are the same grounds set forth in the Wisconsin state court action for which wrong Mr. Ott had been retained to represent the partnership.

There was no showing by movant at the hearing on this motion of excusable neglect. The only issue raised was whether or not the service of notice of the meeting of creditors and last date for filing a complaint to determine the dischargeability of a debt upon counsel for the partnership, and not upon the individual partners, was sufficient notice to the partnership and the partners. In light of the facts of this matter, in that Mr. Ott was retained by the partnership for the purpose of proceeding against these debtors on the identical grounds now sought to be argued in this Court as the basis for finding that the debt to Mr. Lewis is nondischargeable, it seems to this Court that service upon Mr. Ott was sufficient service to put the partnership and the partners on notice of the dates fixed by the Court. That being the case, the Court will find that the motion for extension of time was not timely filed and that there has been no showing of excusable neglect. The motion therefore will be denied.

An appropriate order shall enter.